THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL ROSENZWEIG, Appellant.*— Judgment of conviction unanimously affirmed, pursuant to the provisions of section 542 of the Code of Criminal Procedure. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RYE COUNTRY DAY SCHOOL, Appellant, v. FREDERICK G. SCHMIDT and Others, Constituting the Town Board of the Town of Rye, Westchester County, New York, Respondents.†— Order, so far as appealed from, reversed on the law, with costs, writ of certiorari sustained and respondents directed to cancel the assessment and tax upon relator's real property upon the assessment roll for the year 1932 and mark said property as exempt upon said roll. In our opinion, the plaintiff is a corporation organized in good faith solely for educational purposes within the meaning of subdivision 7 of section 4 of the Tax Law and, as such, is entitled to have its real property exempt from taxation. The fact that it has issued capital stock to its contributors, which entitles them to share in the distribution of its assets upon dissolution, does not make it a corporation organized for the profit of its members in the absence of any proof that it is using its corporate form as a guise or pretense to make pecuniary profit. (*Matter of Mary Immaculate School*, 188 App. Div. 5.) Lazansky, P. J., Young, Kapper and Tompkins, JJ., concur; Carswell, J., dissents.

ROSE RUBIN, Respondent, v. B. F. KEITH CORPORATION, Appellant.‡— Judgment and order affirmed, with costs. No opinion. Lazansky, P. J., Young and Kapper, JJ., concur; Carswell and Tompkins, JJ., dissent and vote to reverse and to dismiss the complaint on the grounds (1) that the verdict of the jury on the question of the defendant's negligence in respect to the lights is against the weight of evidence; (2) that by proceeding from the theatre box in " complete " and " utter " darkness, without making any inquiry or effort to ascertain whether the way was safe, plaintiff was guilty of contributory negligence as a matter of law.

JOSEPH P. TIMLIN, Appellant, v. JULIUS SCHEPPS, Respondent.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the trial court, by numerous inquiries of the witnesses, the prejudicial tenor of them, coupled with many prejudicial comments, and the unfair nature of his charge, deprived plaintiff of a fair trial. Lazansky, P. J., Young, Kapper and Tompkins, JJ., concur; Carswell, J., not voting.